### 4556. EDWARDS v. SAVANNAH TRUST COMPANY.

1. "The maker of a negotiable promissory note pays the amount due thereon to any person other than the holder at his own risk, and a defense to an action on such note setting up payment to one authorized by the holder to collect for him casts upon the defendant the burden of showing not only that he has paid the money, but that he has made payment to a person authorized by the holder to receive it, or else that it actually reached the holder's hands."

2. In the present case there was no evidence from which the jury could rightly infer that the person to whom the alleged payment was made was the agent of the holder, or was authorized generally or specially to receive for it payment of the note, or that the holder ever received the money; and the only defense made being that of payment, the court did not err in directing a verdict for the plaintiff.

DECIDED AUGUST 16, 1913.

Complaint; from city court of Reidsville—Judge Collins. August 6, 1912.

The Savannah Trust Company sued Edwards on a promissory note payable to T. S. Heyward & Company and indorsed by the payees. The defendant pleaded payment of the note in full to T. S. Heyward & Company. On the trial the court, at the conclusion of the evidence, directed a verdict for the plaintiff. The defendant excepted.

*H. H. Elders,* for plaintiff in error. *Travis & Travis,* contra.

RUSSELL, J. The facts in this case bring it squarely within the rule stated in the headnotes, which we quote from the decision in the case of *Bank of the University* v. *Tuck,* 101 *Ga.* 104 (28 S. E. 168). It appears from the record that the plaintiff in error has fully paid the note, and it is indeed, as he insists, a hardship that he is compelled to pay the note the second time. However, the rule is well settled that the maker of a note who pays it to any

other person than the holder does so at his peril. There does not appear in the case any proof that Heyward & Company, the original payees of the note sued on, were the agents of the Savannah Trust Company, the holder of the note. When Edwards made each payment upon his note it was' his duty to himself to have seen that Heyward & Company had the note, and that the payments were properly credited upon it, and when he made the final payment he should have demanded the surrender of the note. If he had done this he would have ascertained that before its maturity the note had been transferred as collateral to the Savannah Trust. Company, and he would thus have been saved having to pay it a second time. While the hardship of having to pay a note the second time is very great, one who does not exercise sufficient care to ascertain whether the person to whom he is paying the money really owns the note or not can not complain of the result of his own carelessness.

It developed upon the trial that almost all of the testimony of T. S. Heyward was without any probative value whatever. His testimony certainly did not establish the fact that he was authorized to collect the note as agent for the Savannah Trust Company, nor even establish that it was the custom of the Savannah Trust Company to permit its debtors to collect notes placed with it as collateral; for the witness who testified to this point, in his first answer upon cross-examination, stated that he did not know, of his own personal knowledge, anything he had testified to. The chief complaint of the plaintiff in error is as to the exclusion of his own testimony. This testimony merely showed payment in full on his part to the original payees of the note, but there was nothing in his testimony which was relevant so far as the Savannah Trust Company, the plaintiff in this case, was concerned. As to the Savannah Trust Company the payments to Heyward & Company were entirely irrelevant. It is perhaps true that the court ruled out this testimony at too early a stage in the trial. If subsequently evidence had been tendered which would show that Heyward & Company were still the owners of the note at the time that the payments were made, or if there had been any proof that Heyward & Company were authorized to collect the note in behalf of the Savannah Trust Company, this ruling would have been error. But since there was no such evidence, the ruling did not harm the defendant or afford him any ground for complaint.

This note appears to have been twice transferred,—first by Heyward & Company to the Electric Fertilizer Company, and thereafter by that company as collateral to the Savannah Trust Company. Without the production of the note the maker was not required to pay Heyward & Company, for, as he knew, the note was negotiable.

There was no error in directing the verdict for the plaintiff.

*Judgment affirmed.*